IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTOPHER L. SCOTT,

               Petitioner,      :      Case No. 3:19-cv-273

   - vs -                                    District Judge Thomas M. Rose
                                                 Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                  :
               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Objections (ECF No. 3) to the Order for Answer entered by the Magistrate Judge (ECF No. 2). District Judge Rose, to whom the case is assigned, has recommitted the matter to the Magistrate Judge for a report on the objections.

Consideration of a newly-filed habeas corpus petition under Rule 4 of the Rules Governing § 2254 Cases (the "Habeas Rules") is a non-dispositive pre-trial matter within the initial decisional authority of a Magistrate Judge to whom a case has been referred. Review under Fed.R.Civ.P. 72(a) is for clear error on factual findings and *de novo* on questions of law. The Objections raise only questions of law and review should therefore be *de novo*.

The Order for Answer was, as it recites, issued upon review of the Petition under Rule 4. It contains the following language to which Respondent objects:

> This Order does not authorize a motion to dismiss in lieu of an answer. If Respondent wishes to obtain an adjudication of an affirmative defense apart from a decision on the merits, Respondent

1

> may file a motion for judgment on the pleadings after the answer is filed.

(ECF No. 2, PageID 20). This language is part of this Magistrate Judge's standard for Order for Answer in § 2254 Cases and has been in use now for a number of years. Since Respondent's counsel in this case has been an Assistant Attorney General for the State of Ohio in the Habeas Corpus Unit of the Criminal Justice Section for many years, the Magistrate Judge views the instant Objections as directed at this standard language across all Dayton location of court non-capital habeas cases and presumably at parallel language adopted by other Magistrate Judges in the District.

As support for the Objections, Respondent relies on the language of both Habeas Rules 4 and 5 and Advisory Committees Notes on their adoption (ECF No. 3, PageID 21-22 (citations omitted). The cited authority does not show an error of law in the cited language.

Rule 4 requires an initial screening of habeas corpus petitions before a custodian is required to respond at all. If upon that review it "plainly appears" that the petitioner is not entitled to relief, this District Court must dismiss the petition. This language rebuts the argument made by some at the time of adoption of the Habeas Rules in 1976 that an answer should be required in every case. As Respondent notes, the Advisory Committee rejected that interpretation of 28 U.S.C. § 2243 when it recommended Rule 4 to the Supreme Court.

This Court takes its obligation under Rule 4 seriously and frequently recommends dismissal of meritless habeas petitions at the Rule 4 stage. Electronic reporting of decisions of the Ohio District Courts of Appeal and Supreme Court of Ohio enable this practice, permitting the Court to review what the state courts have done in a case at the Rule 4 stage. The Clerk has been instructed to furnish the Office of the Attorney General with copies of decisions dismissing habeas cases under Rule 4, which should provide evidence to that Office of the seriousness with which

2

the Court takes its Rule 4 screening responsibility.

If a petition passes Rule 4 screening, the District Court "must order the respondent to file an answer, motion, **or** other response. . . ." Rule 4 (emphasis added). This language is disjunctive, providing the Court, not the respondent, with a choice among appropriate responses. Compare Fed.R.Civ.P. 12, which gives a defendant in an ordinary civil case the option of filing an answer or a dispositive motion.

Respondent relies on Advisory Committee Notes to the 2004 Amendments to Rule 4, which state that "[t]he amended rule reflects that the response to a habeas petition may be a motion." (Objections, ECF No. 3, PageID 22). But that language does not provide for a motion at the option of the respondent. The relevant language of Rule 4 prior to amendment read:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

In other words, the amendment relied on by Respondent here expanded the District Court's options in directing a response to the petition, not the respondent's options.

Respondent also relies on language from the Advisory Committee Notes to the 2004 Amendments to Habeas Rule 5 (Objections, ECF No. 3, PageID 22). But that language reinforces this Court's interpretation of Rule 4 by providing that the court "may require (or permit) a motion" in lieu of or before an answer.

Respondent also relies on language of Judge (now Chief Judge) Marbley in *Davidson v. Warden, Warren Corr. Inst.*, No. 2:18-cv-495, 2019 U.S. Dist. LEXIS 38174 (S.D. Ohio Mar. 11, 2019), to the effect that "it has been this Court's practice to accept such responsive pleadings [in this case a Motion to Dismiss] by the Respondent in response to a show cause order." (Objections,

3

ECF No. 3, PageID 22, quoting *Davidson*, 2019 U.S. Dist. LEXIS 38174, at *10-11. Nothing in Judge Marbley's opinion suggests that the filing of a motion is an option the Court must allow a respondent. Indeed, he quotes the following language from the Advisory Committee Notes on adoption of the Habeas Rules in 1976:

> This is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that petitioner's claims have already been decided on the merits in a federal court; that petitioner has failed to exhaust state remedies; that the petitioner is not in custody within the meaning of 28 U.S.C. § 2254; or that a decision in the matter is pending in state court. In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition. In other situations, the judge may want to consider a motion from respondent to make the petition more certain. Or the judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.

*Id*. at *7-8. Judge Marbley's decision, moreover, was made in a case in which the Petitioner was insisting on his supposed right to a full answer. *Id*. at *7. This is a common objection this Court hears from petitioners whose cases are recommended to be dismissed under Rule 4.

In her Order directing a response in the *Davidson* case, Magistrate Judge Chelsey M. Vascura[1] ordered an answer in the form required by Habeas Rule 5 and did not include the language here objected to that the Order did not authorize a motion to dismiss (*Davidson* ECF No. 4, PageID 29-30). Nevertheless, the Court accepted the Motion to Dismiss and adjudicated the case without requiring the filing of the full state record because, as Judge Marbley found, the full record would not have assisted Davidson.

---

[1] Other orders in the case are signed by Chief Magistrate Judge Elizabeth Preston Deavers. It is unclear why Magistrate Judge Vascura signed the Order for answer.

Counsel concludes that "she reviews the record, the claims, and the law in every case. During that review [she] carefully considers whether a motion to dismiss, a motion to transfer, or an answer/return of writ is warranted." (Objections, ECF No. 3, PageID 22-23). Be that as it may, the Habeas Rules leave that decision to the Court, not to Respondent's counsel. Of course, if after such a review, Respondent wishes to file a motion instead of an answer, the Court retains its discretion to allow a motion. In this case if counsel wishes to file a motion to dismiss instead of an answer, she may seek leave to do so. But it was not legal error for the Magistrate Judge to exercise the discretion given the Court, not the Respondent, under Habeas Rule 4.

Respondent's Objections should be OVERRULED.

September 19, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).