## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CHRISTOPHER L. SCOTT,

     Petitioner,    : Case No. 3:19-cv-273

 - vs -           District Judge Thomas M. Rose
               Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

             :
     Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Respondent's Amended Motion to Dismiss (ECF No. 10) and Petitioner's Memorandum in Opposition (ECF No. 12).

Petitioner brought this action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Common Pleas Court of Preble County, Ohio, on September 14, 2012 (Petition, ECF No. 1, PageID 2). He pleads the following grounds for relief:

> **Ground One:** Due Process and Equal Protection
>
> **Supporting Facts:** Notwithstanding the court's duty to advise Petitioner of his right of appeal and addressing the protections of Double Jeopardy that were ignored, Petitioner entered into a plea in exchange for certainty to avoid a <u>possible</u> life sentence which was ultimately imposed. Moreover, the lower court "incorrectly" notified Petitioner of the punitive requirements of registration and post release control.
>
> **Ground Two:** Ineffective Assistance of Counsel
>
> **Supporting Facts:** The sacrosanct right of competent counsel was absent due to a litany of obvious errors: 1) counsel did not object to the life enhancement, 2) misinformation of post release control, 3)

misinformation of the punitive nature of registration, and 4) failure
to advise Petitioner of his right of appeal.

*Id.* at PageID 6, 8.


## Litigation History


The Preble County grand jury indicted Scott in July 2012 on three counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) (Count 1-3), one count of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5) (Count 4), three counts of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4) (Counts 5-7), and one count of importuning in violation of Ohio Revised Code § 2907.07(A) (Count 8). The seven charges other than importuning included a violent sexual predator specification. (Indictment, State Court Record, ECF No. 7.)

Pursuant to a plea agreement, Scott pleaded guilty on September 14, 2012, to one count of rape, one count of sexual battery, two counts of gross sexual imposition, and one count of importuning. The remaining counts and the violent sexual offender specifications were dismissed. (Entries, State Court Record, ECF No. 7, PageID 43-45.) Because there was an agreed sentence, the court proceeded directly to sentencing. *Id.* at PageID 45. However, the Judgment Entry of Sentence was not filed until ten days later on September 24, 2012. *Id.* at PageID 49-50.

Scott took no appeal to the Ohio Twelfth District Court of Appeals. On April 15, 2016, he filed a Motion to Correct Void Sentence (State Court Record, ECF No. 7, PageID 51-76). The trial judge construed the Motion as one for post-conviction relief and denied it as both untimely and without merit (Decision and Entry, State Court Record, ECF No. 7, PageID 107-09). On August 31, 2016, Scott appealed to the Twelfth District Court of Appeals (Notice of Appeal, State Court Record, ECF

No. 7, PageID 126).  On the same day, he moved for leave to file a delayed appeal (Motion, State Court Record, ECF No. 7, PageID 127-36).”  The Court of Appeals denied that motion September 22, 2016, because the motion to vacate was properly classified as a petition for post-conviction relief, a civil matter, for which delayed appeal is not available (Entry, State Court Record, ECF No. 7, PageID 137-38).  Scott apparently took no appeal to the Supreme Court of Ohio because the next item in the State Court Record is his Motion to Withdraw Guilty Plea filed September 4, 2018 (ECF No. 7, PageID 137-41).  Judge Abruzzo denied that motion October 5, 2018.  *Id.* at PageID 148.  Scott appealed and the Twelfth District affirmed on April 8, 2019, except for a remand “for the limited purpose of issuing a *nunc pro tunc* sentencing entry to properly reflect that appellant is subject to a mandatory five-year postrelease control term should he ever be released from prison according to law and consistent with the Opinion filed the same date as this Judgement Entry.”  *Id.* at PageID 175.  The court concluded Scott was subject to a mandatory five-year term of post release control as Judge Abruzzo had told him.  However, it found that the sentencing entry confusingly said “up to” five years in one place and a mandatory five-year term in another (Opinion, State Court Record, ECF No. 7, PageID 185-86).  Hence the remand “to issue a nunc pro tunc sentencing entry . . . .”  *Id.* at PageID 190.  Scott appealed but the Supreme Court of Ohio declined jurisdiction on July 10, 2019 (Entry, State Court Record, ECF No. 7, PageID 220).  Compliant with the appellate judgment, the Common Pleas Court entered a Corrected Judgment Entry of Sentence August 19, 2019 (State Court Record, ECF No. 7, PageID 211-12).

# Analysis

Respondent asserts the Petition is barred by the statute of limitations, by lack of exhaustion of state court remedies, and by Scott’s procedural default in presenting his grounds for relief to the state courts (Am. Motion to Dismiss, ECF No. 10).  Each of these defenses is analyzed in turn.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations for habeas corpus cases, codified at 28 U.S.C. § 2244(d) which provides:

(d)

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case Scott's conviction became final thirty days after entry of judgment on September 24, 2012, when his time to appeal to the Twelfth District expired. Under § 2244(d)(1),

the statute of limitations would have expired one year later on October 25, 2013. Scott did not file in this Court until September 3, 2019, almost six years too late if § 2244(d)(1) applies.

If the state courts enter a new final judgment, however, the statute of limitations begins to run again. *Burton v. Stewart*, 549 U.S. 147 (2007)(per curiam); *Rashad v. Lafler*, 675 F.3d 564, 567-69 (6th Cir. 2012). A full resentencing allows a petitioner to "challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). *King* was extended to Ohio's reopening of a petitioner's sentence merely to enter post-release control. *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). *King* does "not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new judgment." *In re: Javalen Wolfe*, 2018 U.S. App. LEXIS 3206 at *5 (6th Cir. Feb. 9, 2018), quoting *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016). *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), holds a new judgment, at least if it imposes a worse than before sentence by imposing post-release control in lieu of parole, resets the statute of limitations clock. 838 F.3d at 677, followed in *Brown v. Harris*, 2018 U.S. Dist. LEXIS 57923 (S.D. Ohio Apr. 5, 2018). *Nunc pro tunc* refers to situations in which the court's records do not accurately reflect its actions. "*Nunc pro tunc* orders are customarily used only "to correct erroneous records," not to "revise the substance of what transpired or to backdate events." *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016), quoting *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). A *nunc pro tunc* order that merely corrects a record to accurately reflect the court's action is not a new sentence that resets the statute of limitations under § 2244(d)(1). *Id.*

From the Twelfth District's Opinion it is abundantly clear that the only purpose of the remand was to correct clerical mistakes in the original judgment. In particular, Scott was subject

to a mandatory term of five years of post-release control, by mandate of the statute, from the date of conviction. Because Scott was not resentenced on remand, but merely was issued a new sentencing judgment which imposed the same judgment imposed the first time, the *nunc pro tunc* entry did not re-set the statute of limitations. The instant Petition is thus barred by 28 U.S.C. § 2244(d)(1)(a).

**Lack of Exhaustion**

Respondent argues that Scott still has available the remedy of a delayed direct appeal of his criminal conviction which he has never attempted.[1] (Motion, ECF No. 10, PageID 273.) On the other hand, Respondent does not want this Court to stay these proceedings to allow exhaustion, as permitted by *Rhines v. Weber*, 544 U.S. 269 (2005). Instead, Respondent asks the Court to dismiss the case "[u]ntil Scott files an Ohio Appellate Rule 5(A) motion for leave to file a delayed appeal." If the Court did so, however, the statute of limitations would not be tolled while the motion for delayed appeal pended and any subsequent re-filing by Scott would be even more untimely than the present one.

*Rhines v. Weber* was handed down by the Supreme Court precisely to deal with the anomaly created by the new statute of limitations from 1996 and the prior precedent of *Rose v. Lundy*, 455 U.S. 509 (1982), which required "mixed" petitions with exhausted and unexhausted claims to be dismissed. If there were any reasonable likelihood that a delayed appeal would be granted, this Court would stay these proceedings pending exhaustion.

But there is no reasonable likelihood that the Twelfth District will grant a motion for

---

[1] This must be distinguished from his attempted delayed appeal from his motion to vacate where the Twelfth District denied relief because delayed appeal is not available in a civil matter.

delayed appeal where the delay is now more than seven years. In the Magistrate Judge's opinion, this makes the proposed remedy of delayed appeal futile. Respondent's cited authorities on futility all date from many years before AEDPA and *Rhines*.

Because the suggested remedy of a delayed direct appeal would be futile, Respondent's lack of exhaustion defense should be overruled.

## Procedural Default

Respondent asserts Scott's claims are barred by his procedural defaults in presenting them to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 78 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982), citing *Wainwright*, *supra*. "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000),quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S.

478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state

can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Scott makes no response to the Warden's procedural default argument, so the Court must analyze it independently.

In his First Ground for Relief, Scott claims trial court error in not advising him of his right to appeal, not protecting his Double Jeopardy rights, and not imposing the agreed-upon sentence. All of these claims could have been raised on direct appeal because they would have been demonstrable from the trial court transcript. But Scott never took a direct appeal.

In his Second Ground for Relief, Scott raises four claims of ineffective assistance of trial counsel. The first of these could have been raised on direct appeal because counsel's failure to object to the "life enhancement" would have been apparent in the appellate record. The other three claims appear to refer to advice or lack of advice which happened off the record and would therefore have to have been raised in post-conviction. As to the first sub-claim, Scott never took a direct appeal. As to the last three, he never filed a timely petition for post-conviction relief.

Scott has offered no excusing cause and prejudice to relieve him from his procedural defaults. Instead, in his Memorandum in Opposition, he claims his plea was not knowing, intelligent, and voluntary. He also claims for the first time that the plea is void because his

signature on the plea agreement is forged. Both of those claims are forfeited by Scott's failure to present them on direct.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations and by Scott's procedural defaults in presenting his claims to the Ohio courts. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 18, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).