# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER L. SCOTT,

          Petitioner,    :    Case No. 3:19-cv-273

- vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

          :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 17). This is a timely motion under Fed.R.Civ.P. 59(e) and will be considered on that basis. Post-judgment motions are deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) requiring a report and recommendations for disposition.

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133;

> at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

Scott has not shown a manifest error of law. Indeed, all he has done is repeat the arguments the Court has already rejected. This does not provide a basis for relief under Fed.R.Civ.P. 59(e). Because this Court has already denied a certificate of appealability, any request for a certificate should be made to the Sixth Circuit Court of Appeals.

January 29, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.