IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTOPHER L. SCOTT,

          Petitioner,      :      Case No. 3:19-cv-273

  - vs -                              District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                               :
          Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (ECF No. 17). The Magistrate Judge has filed a Report and Recommendations recommending the Motion be denied (ECF No. 18) and Petitioner has filed Objections (ECF No. 19). Because a motion to amend the judgment is filed post-judgment, it is deemed referred to an assigned Magistrate Judge under 28 U.S.C. § 636(b)(3), requiring a recommended disposition. The Court reviews de novo any portion of a Magistrate Judge's recommended disposition of a motion and has done so in this instance. All specific objections of the Petitioner are ruled on in this Order.

The Report correctly cites the controlling law:

> For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"*Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

1

(Report, ECF No. 18, PageID 306). The Report concluded that Petitioner had shown no manifest error of law in the judgment and the Rule 59(e) motion should therefore be denied. *Id.* at PageID 307.

In his Objections, Petitioner again asserts his signature on the plea agreement in his criminal case was forged (Objections, ECF No. 19, PageID 309). But this is not newly-discovered evidence in the sense of having been discovered since the judgment was entered dismissing the case. The State Court Record including records of the plea bargain was served on Petitioner on November 1, 2019. Any argument he may have regarding incorrectness of those documents was available to him before judgment was entered.

Petitioner has not met the requirements of Fed.R.Civ.P. 59(e). His Motion to Amend the Judgment is therefore denied. The Court's prior Order dismissing the Petition, denying a certificate of appealability, and certifying that any appeal would be frivolous remains in place.

March 18, 2020.                                             *s/Thomas M. Rose

                                                                       Thomas M. Rose
                                             United States District Judge